# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

_____
|                                        | )   |
| IPG PHOTONICS CORPORATION,             | )   |
|                                        | )   |
|           Plaintiff,                   | )   |
|                                        | )   |
|     v.                                 | )   Court No. 25-00212
|                                        | )   |
| UNITED STATES,                         | )   |
|                                        | )   |
|           Defendant,                   | )   |
|                                        | )   |
|       and                              | )   |
|                                        | )   |
| ALUMINUM EXTRUSIONS FAIR TRADE         | )   |
| COMMITTEE,                             | )   |
|                                        | )   |
|           Defendant-Intervenor.        | )   |
|_____| )   |

## ORDER

Upon consideration of the plaintiff's motion for statutory injunction and all other pertinent papers, and pursuant to 19 U.S.C. § 1516a(c)(2), it is hereby

**ORDERED** that plaintiff's motion is **GRANTED in part**; and it is further

**ORDERED** that Defendant, United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of IPG Photonics Corporation's Heat Sink Models CM513100000100ZG, CMUS0009602XXXXU, CMUS0014756XXXXU, and CMUS0015888XXXXU from China; that were produced by Tianjin and imported by IPG Photonics Corporation; that were the subject

of the United States Department of Commerce's final scope ruling in *Aluminum Extrusions from the People's Republic of China: Final Scope Ruling on IPG Photonics Corporation's Heat Sinks* (August 27, 2025); that were entered, or withdrawn from warehouse, for consumption after May 26, 2011; and it is further

**ORDERED** that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e); and it is further

**ORDERED** that any entries inadvertently liquidated after this order is signed but before this injunction is fully implemented by U.S. Customs and Border Protection shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

Dated: _____     _____
New York, New York                                                  JUDGE KATZMANN

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

_____
|                                          |
IPG PHOTONICS CORPORATION,                 )
                                           )
      Plaintiff,                                )
                                           )
      v.                                        )  Court No. 25-00212
                                           )
UNITED STATES,                             )
                                           )
      Defendant,                                )
                                           )
      and                                       )
                                           )
ALUMINUM EXTRUSIONS FAIR TRADE             )
COMMITTEE,                                 )
                                           )
      Defendant-Intervenor.                     )
_____)

**DEFENDANT'S RESPONSE TO PLAINTIFF
IPG PHOTONICS CORPORATION'S MOTION FOR STATUTORY INJUNCTION**

Pursuant to this Court's order dated December 3, 2025 (ECF No. 27), defendant, the United States, respectfully submits this response to the motion for a statutory injunction filed by plaintiff IPG Photonics Corporation (IPG). ECF No. 25. Injunctive relief should be narrowly tailored to fit the circumstances of each case. *See Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1369 (Fed. Cir. 2017) (holding that courts will "not uphold vague or overly broad injunctions") (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 424, 444 (1974)). IPG's proposed injunction contemplates overly broad relief that could impact entries outside the scope of this case. That said, the United States consents to the relief requested, with certain modifications, even though defendant does not concede that IPG has

shown a likelihood of succeeding on the merits in this case, or has otherwise met the requirements for injunctive relief.

IPG's proposed order would apply to "any entries imported by {IPG} of" certain models under two 2011 duty orders. *See* ECF No. 25 (citing *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011)). This sought-after relief would be overly broad, because such an order could be read to apply to entries already liquidated or not subject to suspension under Commerce's scope ruling. The proposed order also lacks a specific commencement date. To ensure that the relief is narrowly tailored, the proposed order should instead apply to any *unliquidated* entry that is subject to Commerce's *Aluminum Extrusions from the People's Republic of China: Final Scope Ruling on IPG Photonics Corporation's Heat Sinks* (August 27, 2025), pursuant to 19 C.F.R. § 351.225(l), after May 26, 2011.

For these reasons, we respectfully request that the Court enter the revised proposed order attached. We have consulted with counsel for IPG and the Aluminum Extrusion Fair Trade Committee, who indicate that they consent to this language.

                                                  Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General

                                                  PATRICIA M. McCARTHY
                                                  Director

|  |  |
|---|---|
| | /s/ Geoffrey M. Long |
| | GEOFFREY M. LONG |
| OF COUNSEL | Assistant Director |
| Vania Wang | |
| Attorney | /s/ Collin T. Mathias |
| U.S. Department of Commerce | COLLIN T. MATHIAS |
| Office of the Chief Counsel for | Trial Attorney |
| Trade Enforcement Compliance | Commercial Litigation Branch |
| | Civil Division |
| | U.S. Department of Justice |
| | P.O. Box 480, Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone: (202) 307-0315 |
| | Email: Collin.T.Mathias@usdoj.gov |
| December 8, 2025 | *Attorneys for Defendant United States* |

5

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 348 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

                                    /s/ Collin T. Mathias